| | |
|---|---|
| RICKARDO ANGLIN,<br><br>        Plaintiff,<br>  v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08217 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Rickardo Anglin, Plaintiff Pro Se
104 North 23rd Street
Camden, NJ 08105

**SIMANDLE, District Judge:**

    1.   Plaintiff Rickardo Anglin seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### Claims Against CCCF: Dismissed With Prejudice

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

3

that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

7. Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

**Conditions Of Confinement Claims:**
**Dismissed Without Prejudice**

8. Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule

4

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11. A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

12. However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states in its entirety: "I was forced to sleep on the floor in a two man cell against my will and pleaded I had back problems." Complaint § III(C). Plaintiff further states, "I have a hyrniated [sic] disk and I still had to sleep on the floor." Complaint § IV.

13. Plaintiff does not specify the date(s) or time(s) that these events occurred. *Id*. § III(B) ("? Happened twice in time period").

14. Plaintiff states that these events caused his "back to still hurt until this day." *Id*. § III(C), § IV.

15. With respect to requested relief, Plaintiff seeks "compensation for injuries to my mid and lower back and repercussion to the Camden County Jail for their part." *Id*. § V.[4]

---

[4] Given Plaintiff's reference to "repercussion to Camden County Jail"(Complaint § V), the Court advises Plaintiff that he is one of thousands of members of a certified class in a case on this Court's docket captioned *Dittimus-Bey, et al. v. Taylor, et al.*, Civil Action No. 1:05-cv-0063-JBS, United States District Court for the District of New Jersey. The class plaintiffs are all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until the present time. The *Dittimus-Bey* class of plaintiffs seeks injunctive and declaratory relief concerning allegedly unconstitutional conditions of confinement at the CCCF involving overcrowding. The *Dittimus-Bey* class action does not involve money damages for individuals. Various measures undertaken pursuant to the Court-approved Second and Third Consent Decrees have reduced the CCCF jail population to fewer prisoners than the intended design capacity for the jail, thereby greatly reducing or eliminating triple and quadruple bunking in two-person cells; these details

6

16. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations

---

are further explained in the proposed Sixth and Final Consent Decree, which would continue those requirements under Court supervision for two more years.

and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[5]

19. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[6]

---

[5] The amended complaint shall be subject to screening prior to service.
[6] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to November 3, 2014, those claims

20. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after November 3, 2014.

21. For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

22. An appropriate order follows.

**September 6, 2017**         **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                            U.S. District Judge